UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT MCCLINTOCK, | No. 2:24-cv-01599 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GENA JONES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Currently pending before the court is respondent's motion to dismiss the petition.  ECF No. 11.  Petitioner has filed an opposition and respondent has filed a reply.  ECF Nos. 13, 15.  For the reasons that follow, the undersigned recommends granting respondent's motion to dismiss.

  I.  <u>Factual and Procedural History</u>

On January 9, 2003, petitioner was sentenced to two indeterminate terms of 15 years to life to be served consecutively to one another following his conviction in the San Diego Superior Court on eight counts of lewd or lascivious acts with a child under fourteen.[1]  ECF No. 11 at 10-14.  His habeas corpus application, however, challenges petitioner's June 18, 2023 prison

---

[1] Petitioner was also sentenced to additional determinate and indeterminate terms, but they were all ordered to be served concurrently.  ECF No. 11 at 10-14.

1

1   disciplinary violation for possession of alcohol, which resulted in a 30 day loss of privileges.[2]
2   ECF No. 1 at 1.  In his habeas application, petitioner asserts that his disciplinary hearing was a
3   sham and violated his due process rights, and the false disciplinary charge constitutes cruel and
4   unusual punishment because it impacts his chances of being found suitable for parole.  By way of
5   relief, petitioner requests that the administrative grievance related to his disciplinary conviction
6   be granted, the disciplinary violation be reversed, his good time credits be restored, and his
7   central prison file be corrected.  ECF No. 1 at 22.

8           II.     Motion to Dismiss

9           In a motion to dismiss filed on August 26, 2024, respondent asserts that petitioner's
10  claims for relief are not cognizable in this federal habeas action because success on his claims
11  would not implicate the fact or duration of his confinement.[3]  ECF No. 11 at 6 (citing Nettles v.
12  Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).  According to respondent, since
13  petitioner's actual release date will be determined by the California Board of Parole Hearings, the
14  reversal of the prison disciplinary violation will not necessarily result in petitioner's speedier
15  release from confinement.  Therefore, respondent ask the court to dismiss the habeas petition for
16  failing to present a cognizable claim for relief.  See Rule 4 of the Rules Governing Section 2254
17  Cases.

18          In opposition to the motion, petitioner asserts that he does state a cognizable habeas claim
19  because he is being denied early consideration for elderly parole as a result of his disciplinary
20  violation.  Petitioner also submitted evidence that the Board of Parole Hearings denied his
21  petition to advance his next parole suitability hearing based on this disciplinary violation.  ECF
22  No. 13 at 13-16.  According to petitioner's evidence, he met the criteria for the Elderly Parole
23  Program as of September 6, 2021.  ECF No. 13 at 14.

---

[2] Neither petitioner nor respondent actually submitted a copy of the Rules Violation Report ("RVR") that is challenged in this case.  Therefore, there is no indication in the record that petitioner lost any good time credit as a result of the disciplinary violation.  Petitioner alleges that he was denied phone and visitation privileges after the guilty finding.

[3] In the interests of judicial economy, the court limits its discussion to this dispositive issue and does not address respondent's remaining arguments in the motion to dismiss.

By way of reply, respondent points out that petitioner's first parole suitability hearing was scheduled for September 2022, but petitioner voluntarily waived that hearing for one year. ECF No. 15 at 2 (citing California Incarcerated Records & Information Search (CIRIS) – CDCR, available at https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=T79940 (last visited Nov. 14, 2024). Based on this information, respondent argues that the 2023 disciplinary violation did not delay his elderly parole consideration. Moreover, expunging the violation would not necessarily lead to his earlier release on parole.

After respondent's reply was filed, petitioner filed a motion to stay these proceedings in order to exhaust his state court remedies. ECF No. 16. In the motion, petitioner "agrees that the State of California's Highest Court must have the opportunity to respond." ECF No. 16 at 1.

III.  Legal Standards

Claims in a federal habeas petition must lie at the core of habeas corpus in order to proceed. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), cert. denied, 580 U.S. 1063 (2017). Specifically, habeas jurisdiction extends only to claims challenging the validity or actual duration of a prisoner's confinement. Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). This requirement is readily met when a prisoner challenges his conviction or sentence. When the challenge is to internal prison disciplinary proceedings, however, habeas jurisdiction exists only if success on petitioner's claims would necessarily result in his speedier release from custody. Nettles, 830 F.3d at 934-35; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

The Ninth Circuit has found habeas jurisdiction lacking where a California petitioner was serving an indeterminate sentence and had not been found suitable for parole. Nettles, 830 F.3d at 934-35. In such circumstances, expungement of disciplinary violations and restoration of credits might increase the likelihood of a future grant of parole, but would not guarantee parole or otherwise "necessarily result in speedier release" under state law. Id.

IV.  Analysis

As explained above, this court has jurisdiction to entertain petitioner's habeas challenge to

his 2023 disciplinary violation only if relief would lead to his speedier release from confinement. See Skinner v. Switzer, 562 U.S. 521, 525 & n.13 (2011) (emphasizing that federal habeas jurisdiction lies only where the success on a claim would "necessarily spell speedier release from prison") (internal quotations omitted). In this case, there is no indication in the record that the challenged disciplinary violation even led to a loss of good time credit. Petitioner indicates only that he lost certain privileges. Because petitioner is serving an indeterminate life sentence, and has not previously been found suitable for parole and granted a concrete release date, this disciplinary violation has only a speculative effect on the ultimate duration of his incarceration. See Nettles, 830 F.3d at 935 (explaining that because future parole suitability decisions turn on multiple factors, "the presence of a disciplinary infraction does not compel the denial of parole, nor does the absence of an infraction compel the grant of parole."); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (recognizing that relief which would improve prospects for future parole eligibility does not "guarantee parole or necessarily shorten... prison sentences by a single day."). Petitioner's specific argument regarding eligibility for elderly parole is not supported by the record. Petitioner was eligible for elderly parole prior to receiving the disciplinary violation, yet it was not granted. For all these reasons, petitioner's challenge to his 2023 disciplinary violation falls outside the core of federal habeas corpus.[4] Accordingly, the undersigned recommends granting respondent's motion to dismiss.[5]

---

[4] The Ninth Circuit adopted the "core of habeas" standard articulated in Skinner v. Switzer, 562 U.S. 521 (2011), because it did "not require… guess[ing] at the discretionary decisions of state officials in order to determine whether an action sounds in habeas or § 1983…." Nettles v. Grounds, 830 F.3d at 934.

[5] The court recognizes its discretion to convert petitioner's § 2254 application to a § 1983 action, however, it declines to exercise its discretion in this case. See Nettles v. Grounds, 830 F.3d at 936 (stating that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. Instead, it is recommended that the habeas corpus petition be dismissed without prejudice to filing a § 1983 action should petitioner choose to do so.

Based on this recommendation, petitioner's motion for a stay of these proceedings in order to exhaust his state court remedies is moot. The undersigned therefore recommends denying petitioner's motion for a stay.

### V. Plain Language Summary for Pro Se Party

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the motion to dismiss and your opposition, and concludes that the challenge to your disciplinary conviction is not something you can present in a habeas petition. It is recommended that your petition be dismissed without prejudice to the filing of a federal civil rights action.

If you disagree with this recommendation, you have 21 days to file a written explanation why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review any objections and make the final decision.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted.
2. Petitioner's motion for a stay (ECF No. 16) be denied as moot.
3. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without prejudice to refiling as a 42 U.S.C. § 1983 action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE